U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED LAFAYETTE

JUN 1 6 2015

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| Baham Energy Services | Civil Action No. 15-00931 |
| versus | Judge Richard T. Haik, Sr. |
| Zachry Exploration, LLC, et al | Magistrate Judge C. Michael Hill |

**MEMORANDUM ORDER**

Before the Court is a Motion To Dismiss With Prejudice For Failure To State A Claim filed by Defendant, Zachary Exploration, LLC ("Zachry"), [Rec. Doc. 10] and a Rule 12(b)(6) Motion To Dismiss filed by Defendants, Black Creek Drilling, Inc. ("Black Creek") and Gulf Coast Mud Logging Company ("Gulf Coast"), [Rec. Doc. 12] as well as a Memorandum in Opposition filed by Plaintiff, Baham Energy Services, LLC ("Baham") [Rec. Doc. 15]. No oral argument is necessary.

*Background*

Baham seeks recovery of damages to its deep well and two production wells allegedly sustained by the February 25, 2014 blowout of a natural gas well owned by Zachry, operated by Black Creek and to which chemicals and mud were supplied by Gulf Coast (the "Well"). The blow out caused the evacuation for approximately 10 days, of all people within a 1.5 mile radius of the location of the Well. Baham's deep well[1] and the two producing wells were adjacently located to the Well, within one-quarter of a mile.

---

[1] The deep well had been completed for approximately one month except for attaching the production equipment.

Baham filed a verified Petition in the Fifteenth Judicial District Court, Acadia Parish, Louisiana. *R. 1, Petition.* Defendants removed the case to this Court based on diversity jurisdiction, 28 U.S.C. 1332(a)(1). *Id., Notice of Removal.* On April 24, 2015, Zachary filed its motion to dismiss and on May 1, 2015, Black Creek and Gulf Coast filed a joint motion to dismiss, each alleging Baham failed to state a claim upon which relief can be granted, and therefore, Baham's Petition should be dismissed with prejudice. In response to Defendants' motions, Baham filed an opposition as well as a motion to amend and supplement its original Petition pursuant to Federal Rule of Civil Procedure 15(a)(1)(B). *R. 14.* The Court granted the motion to amend on May 28, 2015. *R. 18.*

*Legal Standard*

In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a court must accept all factual allegations in the complaint as true and make all reasonable inferences in a plaintiff's favor. *Arias-Benn v. State Farm Fire & Cas. Ins. Co.*, 495 F.3d 228, 230 (5th Cir.2007). In order to survive such a motion, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This assumption of truth applies only to factual allegations and is inapplicable to legal conclusions. *Iqbal*, 556 U.S. at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

2

*Analysis*

In its Petition, Baham alleged that the blowout and resulting evacuation caused it "to lose it's well and [suffer] a great monetary loss." *Id., Petition,* ¶¶ *4, 5, 6*. Specifically, Baham alleged its estimated damages included "the cost to repair the well... $250,000.00," "loss of oil revenue for a year... $2,601,136.00" and "loss of gas revenue for a one year period... $819,425.00" *Id. at* ¶ *6*.

Defendants filed the motions *sub judice*, arguing the Petition should be dismissed with prejudice because it failed to allege any physical damage to Baham's property which was caused by the blowout. Defendants contend the Petition alleged only economic loss not associated with physical damages and is therefore barred under the "economic loss rule."[2] They further contend, "[t]here is no 'ease of association' between the blowout and the damages alleged, which were caused by the subsequent law enforcement forced evacuation that lasted for ten (10) days or less, and the damages sought by Baham are simply too speculative to be allowed."

In the Amended and Supplemental Petition ("Amended Petition"), Baham alleges as a result of the blowout and evacuation, the pressure in its deep well "drastically increased by an extreme amount causing a hole to be blown in the tubing to the well" which resulted in the well being abandoned and plugged with cement. *R. 19,* ¶¶ *4f, 4g*. Baham further alleges,

---

[2] "In most jurisdictions, the 'economic-loss rule' bars recovery in tort when a party suffers economic loss unaccompanied by harm to his own person or property." *Wiltz v. Bayer CropScience, Ltd. P'ship*, 645 F.3d 690, 695 (5th Cir.2011).

the two producing wells became sanded in, and therefore damaged, as a result of the pumps being shut down. *Id. at* ¶ *4g*. Finally Baham alleges it has a proprietary interest in the wells in that it owned the wells and "had a contract to drill its well, a Mineral and Service Agreement, with the landowners...." *Id. at* ¶ *4a*. Baham attaches to its Amended Petition, Exhibit A, an itemization of the costs it incurred in plugging in the deep well and repairing the two producing wells, costs to repair the well which ruptured and one year of lost revenues from lost oil and natural gas. *Id. at* ¶ *6a*.

Federal Rule of Civil Procedure 15(a)(1)(B) provides that "[a] party may amend its pleading once as a matter of course within ... 21 days after service of a motion under 12(b)." Because Baham filed its Motion to amend the original Petition on May 15, 2015, twenty-one (21) days after service of Zachary's motion to dismiss, Defendants' motions to dismiss will be denied as moot. Accordingly,

**IT IS ORDERED** that the Motion To Dismiss With Prejudice For Failure To State A Claim filed by Defendant, Zachary Exploration, LLC [Rec. Doc. 10] and the Rule 12(b)(6) Motion To Dismiss filed by Defendants, Black Creek Drilling, Inc. and Gulf Coast Mud Logging Company [Rec. Doc. 12] are **DENIED AS MOOT**.

**THUS DONE AND SIGNED** this 15th day of June, 2015 at Lafayette, Louisiana.

_____
Richard T. Haik, Sr.
United States District Judge